Brown, J.
delivered the opinion of the Court.
The defendant gave his promissory note to the plaintiff for 16,922 pounds of castings, to be paid at his furnace on Jones’ Creek, in Dickson County, Tennessee, so soon as his furnace should be able, to make their next blast after said contract. Plaintiff has brought his action of assump-sit; the defendant pleads, first, that on the 18th of December, 1820, his furnace was in blast, and that he had at that time on hand 16,922 pounds of well-assorted castings at said furnace, and then and there was ready and offered to pay the same, but that the plaintiff, nor any other person for him, attended to receive the same. The second plea states the facts as above, and says he had the same ready to be delivered. Demurrer and joinder to both pleas. Demurrers in the Circuit Court were overruled, and a writ of error to this Court.
Two principal questions are presented for the determination of the Court.
First, whether the plea of tender should have averred that Napier had been always, and yet was, ready to deliver the castings; and,
Secondly, whether the plea should have averred notice to Tiernan that the furnace had made the castings agreed to be paid.
*171 The first question is settled by the case of McAllister v. Wells, 4 Hay. Rep. 299; the principle of which case is supported by Dyer’s Rep. 25 a ; Show. Rep. 149; 2 Roll. Ab. 523; Perk. 182, and 5 Com. Dig. 650, 2 W. 28; in which the case in Dyer is recognized as law by Chief Baron Comyns ; therefore the defendant should have said that he always has been since the tender made, and yet is ready, to deliver the castings. The Court does not give any opinion as to what should be the form of pleading if the articles tendered were of a perishable natui’e, and had actually been lost or become of no value in consequence of such intrinsic quality; but it is probable an averment of the truth of the case in proper form would be sufficient.
Upon the second question the Court is of opinion that Napier should have given Tiernan notice that the time had arrived when, by the terms of the agreement, the castings were payable. This stipulation was introduced for the benefit of defendant, and it lay peculiarly within his knowledge, and it would have been excessively burdensome to impose on the plaintiff the necessity of ascertaining the arrival of this time, which depended upon the acts of the defendant, and was for his benefit and' within his knowledge.
The exception taken to the plaintiff’s declaration is not sustainable, as we are of opinion the allegation in the declaration, that “ long before the commencement of this suit the furnace of said Richard C. .Napier, on Jones’ Creek, went into blast, and that a reasonable and sufficient time for the making of said eastings by said furnace had elapsed,” is substantially good, and corresponds with sufficient certainty to that term, in the agreement to ¡which it relates.
Let the judgment of the Circuit Court be reversed, the demurrers to the defendant’s plea sustained ; let judgment be given for the plaintiff against the defendant, and the cause sent down to the Circuit Court to inquire of the amount of damages.